RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0204P (6th Cir.)
File Name: 03a0204p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JOHNNY PAUL YOUNG,
*Plaintiff-Appellant,*

*v.*

No. 01-6362

UNITED STATES OF AMERICA,
*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 01-00109—Thomas B. Russell, District Judge.

Argued: March 25, 2003

Decided and Filed: April 28, 2003[*]

Before: DAUGHTREY and GIBBONS, Circuit Judges;
MILLS, District Judge.[**]

---

[*] This decision was originally issued as an "unpublished decision" filed on April 28, 2003. On May 16, 2003, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

---

---

## COUNSEL

**ARGUED:** Philip C. Kimball, Louisville, Kentucky, for Appellant. Kenneth L. Greene, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Philip C. Kimball, Louisville, Kentucky, for Appellant. Kenneth L. Greene, Michael J. Haungs, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

## OPINION

---

MARTHA CRAIG DAUGHTREY, Circuit Judge. This appeal arises from a settlement agreement that plaintiff Johnny Paul Young entered into with his former employer, under which he was to receive $60,000, less his tax liability. The employer calculated Young's withholding tax and paid Young the remainder. Thereafter, Young sought a tax refund from the Internal Revenue Service on the theory that the relevant tax statute, 26 U.S.C. § 104(a)(2), is unconstitutional. The IRS rejected Young's claim for a refund, and Young brought this action against the United States. The government filed a motion to dismiss for failure to state a claim, which the district court granted, finding no merit to the contention that § 104(a)(2) is unconstitutional. We find no error and affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

The record in this case establishes that the plaintiff filed a complaint against his former employer, Sumitomo Electric Wiring Systems, Inc., alleging intimidation, discrimination, and terroristic threatening. Young contended that, as a result of the company's wrongdoing, he suffered "lost wages, humiliation, embarrassment, personal indignity, and mental and emotional distress." In March 1999, Young and

Sumitomo settled the complaint, and the company agreed to pay Young $60,000, "less the minimum required deductions and withholdings." The company calculated Young's tax obligations as $16,997, and paid Young the remainder.

After receiving payment, Young attempted to recover the money withheld as income tax from the settlement payment by filing an amended return and refund claim. In support of his claim, Young submitted a legal memorandum indicating his belief that the tax provision under which Sumitomo withheld the money, 26 U.S.C. § 104(a)(2), is unconstitutional. That Tax Code provision exempts from the calculation of gross income the amount of any damages received "on account of personal physical injury or physical sickness" but does not exempt payments for non-physical injuries or non-physical sickness. Although conceding that "Congress may tax anything it pleases," Young nevertheless argued that the distinction between physical and non-physical injury violates the equal protection component of the Fifth Amendment. In May 2001, the IRS rejected Young's argument and disallowed his refund claim.

In June 2001, Young filed suit against the United States in federal court, again maintaining that 26 U.S.C. § 104(a)(2) is a violation of equal protection. In response to the government's motion to dismiss for failure to state a claim, Young sought permission to amend his complaint to include arguments not made to the IRS or in his initial pleadings. Under the new theory, Young contended that because the money he received under the settlement cannot be considered "income," the statute creates a "direct tax" in violation of Article I, § 9 of the United States Constitution. After considering both of Young's arguments, the district court granted the government's motion to dismiss. This appeal followed.

## DISCUSSION

### 1. "Direct Taxation" Claim

We conclude, first, that the district court did not have subject-matter jurisdiction to entertain Young's "direct taxation" claim. Congress has expressly waived sovereign immunity for suits against the United States by taxpayers seeking to recover tax refunds. This waiver of sovereign immunity, however, is limited by the requirement that a taxpayer pursue administrative remedies before bringing suit against the government. *See* 26 U.S.C. § 7422(a). The administrative claim must be made "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." *Id.* Those regulations provide, in relevant part, that "[t]he claim must set forth in detail each ground upon which a credit or refund is claimed. . . . A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. § 301.6402-2(b)(1). Of course, the law is well-settled that waivers of sovereign immunity must be strictly construed. *See United States v. Ranger Elec. Communications, Inc.*, 210 F.3d 627, 631 (6th Cir. 2000).

As we recently noted, "'Federal courts have no jurisdiction to entertain taxpayer allegations that impermissibly vary or augment the grounds originally specified by the taxpayer in the administrative refund claim.'" *McDonnell v. United States*, 180 F.3d 721, 722 (6th Cir. 1999) (quoting *Charter Co. v. United States*, 971 F.2d 1576, 1579 (11th Cir. 1992)). This rule prevents surprise and adequately notifies the IRS of the claim and its underlying facts. *Id.* Accordingly, "[w]hen a party fails to state with specificity the grounds for the refund, the court is without jurisdiction to entertain the action." *Id.*

In the case at hand, Young did not raise the direct taxation argument during the administrative process. Nonetheless, Young argues that we have subject matter jurisdiction because the IRS cannot determine the constitutionality of a statute and

because the government failed to cross appeal. Neither argument is meritorious. As noted above, the government's waiver of sovereign immunity is explicitly limited by the requirement that a taxpayer must first pursue administrative remedies, and Young, by his own admission, failed to raise the direct taxation claim during the administrative proceedings. Furthermore, a party may raise the question of subject-matter jurisdiction at any time. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629-30 (6th Cir. 1992). For this reason, we have no jurisdiction to consider the plaintiff's "direct tax" argument.

## 2. Equal Protection Claim

Young alleges that 26 U.S.C. § 104(a)(2) violates the equal protection component of the Fifth Amendment. That provision in the Tax Code was amended by the Small Business Job Protection Act of 1996 to provide that "gross income does not include. . . the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness. . . ." Prior to 1996, the Code did not require the injury or sickness to be physical. *See* 26 U.S.C. § 104(a)(2) (1994). The plaintiff asserts that this distinction between physical injury or sickness and non-physical injury or sickness for purposes of calculating gross income is unconstitutional.

Because the statutory provision in question does not "interfere with the exercise of a fundamental right, such as freedom of speech, or employ a suspect classification, such as race," the distinction that it creates is constitutional as long it bears a rational relationship to a legitimate government purpose. *Regan v. Taxation With Representation of Washington*, 461 U.S. 540, 547 (1983). The legislature has particularly broad discretion in creating distinctions in tax statutes, *see id.*, and "is not bound to tax every member of a class or none. It may make distinctions of degree having a rational basis, and when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any

conceivable state of facts which would support it." *Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 509 (1937) (citations omitted). "The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Madden v. Kentucky,* 309 U.S. 83, 88 (1940).

In this case, the plaintiff is simply unable to overcome this difficult burden. As the district court noted in dismissing his complaint, Congress sought to establish a uniform policy regarding taxation of damages awards and to reduce the amount of litigation regarding whether damage awards were taxable. *See* H.R. Conf. Rep. No. 104-737, at 300, *reprinted in* 1996 U.S.C.C.A.N. 1677; H.R. Rep. No. 104-586, at 142-43. The distinction between physical and non-physical injury is rationally related to these articulated government purposes and, as a result, Young's equal protection claim, as a matter of law, must fail.

### *CONCLUSION*

For the reasons set out above, we AFFIRM the judgment of the district court dismissing the plaintiff's complaint for failure to state a cause of action.