T.C. Summary Opinion 2003-108

UNITED STATES TAX COURT

DAVID GERALD LOCKMILLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16436-02S.              Filed August 4, 2003.

David Gerald Lockmiller, pro se.

<u>Michael E. Melone</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.[1]  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal

_____

    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2000,
the taxable year in issue.

income tax for 2000 in the amount of $2,998.

The issue for decision is whether a $20,000 payment that David Gerald Lockmiller (petitioner) received in 2000 from his former employer is excludable from gross income under section 104(a)(2). We hold that it is not.

## Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in San Francisco, California, at the time that his petition was filed with the Court.

From July 1988 to January 2000, petitioner was employed by UC Construction Co. of Corte Madera, California (UC Construction) as an accountant/bookkeeper. Petitioner's employment with UC Construction terminated on January 28, 2000, because of a dispute that arose between the parties concerning the terms of petitioner's compensation package, particularly with regard to profit-sharing.

In April 2000, petitioner and UC Construction entered into a Settlement Agreement. Shortly thereafter, and pursuant to the terms of that document, petitioner received a lump-sum payment of $20,000 from UC Construction.[2] In exchange, petitioner agreed "not to make any future claims against UC Construction for salary, vacation pay, or any other benefits to which he claims to

---

[2] The Settlement Agreement provided that "If at all, UC Construction will report this payment by way of 1099-MISC form for miscellaneous income for the year 2000."

be entitled as an employee of UC Construction." In addition, the Settlement Agreement included mutual releases:

> from any and all claims of any and every kind, nature and character, known or unknown, foreseen or unforeseen, based on any act or omission occurring before the date of Lockmiller's signing this Settlement Agreement, including any claims arising out of Lockmiller's employment with UC Construction.

At no time did petitioner claim to have personal physical injuries or physical sickness caused by UC Construction.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2000. On line 21 (Other Income) of Form 1040, petitioner reported "Proceeds from Litigation" in the amount of $20,000, and on line 23 he claimed a $20,000 deduction for "Costs of Litigation".[3] Essentially, petitioner excluded the $20,000 payment from income.

In the notice of deficiency, respondent determined that the $20,000 payment that petitioner received from UC Construction is includable in income.[4]

---

[3] The terminology used by petitioner on his return is misleading. Thus, petitioner and UC Construction settled their dispute without either party filing a lawsuit. In addition, petitioner paid $600 to an attorney for representing him in the negotiations that culminated in the Settlement Agreement; petitioner did not incur any other "Costs of Litigation".

[4] Petitioner did not itemize deductions on his 2000 return but rather claimed the standard deduction appropriate to his filing status. Accordingly, respondent did not allow as a deduction the cost incurred by petitioner in obtaining the $20,000 payment. (See supra note 3.) See Benci-Woodward v. Commissioner, 219 F.3d 941 (9th Cir. 2000), affg. T.C. Memo.
(continued...)

Discussion

Section 61(a) provides that "gross income means all income from whatever source derived" except as otherwise provided.  The definition of gross income is broad in scope, Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955), and exclusions from gross income are narrowly construed, United States v. Burke, 504 U.S. 229, 248 (1992) (Souter, J., concurring in judgment); United States v. Centennial Sav. Bank FSB, 499 U.S. 573, 583–584 (1991); Commissioner v. Jacobson, 336 U.S. 28, 49 (1949).

As relevant to the present case, section 104(a)(2) excludes from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness".

Petitioner candidly admits, as he must, that the $20,000 payment was not received on account of personal physical injuries or physical sickness and that, as a consequence, the payment is not excludable from income pursuant to section 104(a)(2). However, petitioner contends that section 104(a)(2), as amended by the Small Business Job Protection Act of 1996, Pub. L. 104-

_____

[4](...continued)
1998-395; Kenseth v. Commissioner, 114 T.C. 399 (2000), affd. 259 F.3d 881 (7th Cir. 2001).  Petitioner has never alleged, much less proven, that the cost incurred in obtaining the $20,000 payment, taken in combination with other allowable deductions, exceeds the amount of his standard deduction.

188, sec. 1605, 110 Stat. 1755, 1838-1839, is unconstitutional.

Prior to its amendment in 1996, section 104(a)(2) served to exclude from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness". Thus, the 1996 amendment narrowed the exclusion to require that the personal injury or sickness must be physical in nature. In addition, the amendment explicitly excepts punitive damages from the exclusion. See H. Conf. Rept. 104-737, at 300-302 (1996), 1996-3 C.B. 741, 1040-1042. As amended, sec. 104(a)(2) is generally applicable to amounts received after August 20, 1996; i.e., the date of enactment of the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605(d)(1), 110 Stat. 1839.

Petitioner contends that the distinction between personal physical injury or sickness (i.e., section 104(a)(2) after the 1996 amendment) and nonphysical personal injury or sickness (i.e., section 104(a)(2) before the 1996 amendment) is unconstitutional.[5] We disagree.

Tax legislation carries a "presumption of constitutionality", Regan v. Taxation With Representation, 461

---

[5] Implicit in petitioner's contention is the assumption that petitioner's $20,000 payment would be excludable from income pursuant to sec. 104(a)(2) prior to its amendment. We think this assumption is highly questionable under the two-prong standard of Commissioner v. Schleier, 515 U.S. 323, 336 (1995); however, we need not decide the matter given the conclusion that we reach in the present case.

U.S. 540, 547 (1983), which presumption has been described as "particularly strong", Nammack v. Commissioner, 56 T.C. 1379, 1385 (1971), affd. per curiam 459 F.2d 1045 (2nd Cir. 1972); see Black v. Commissioner, 69 T.C. 505, 507-508 (1977). Generally, statutory classifications are valid if they bear a rational relation to a legitimate governmental purpose. See Regan v. Taxation With Representation, supra. A higher level of scrutiny is applied if a statute interferes with the exercise of a fundamental right, such as freedom of speech, or employs a suspect classification, such as race. See, e.g., id.; Harris v. McRae, 448 U.S. 297, 322 (1980).

Congress's power to categorize and classify for tax purposes is extremely broad. See Regan v. Taxation With Representation, supra; Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 359 (1973); Charles C. Steward Mach. Co. v. Davis, 301 U.S. 548, 584 (1937); Brushaber v. Union Pac. R.R., 240 U.S. 1, 26 (1916); Flint v. Stone Tracy Co., 220 U.S. 107, 158 (1911); see also Barter v. United States, 550 F.2d 1239, 1240 (7th Cir. 1977) (per curiam) (statutory difference in tax rates for married couples and single individuals does not violate Due Process of law of the Fifth Amendment; "perfect equality or absolute logical consistency between persons subject to the Internal Revenue Code * * * [is not] a constitutional sine qua non"). In Regan v. Taxation With Representation, supra at 547-548, the Supreme Court

stated:

> Legislatures have especially broad latitude in creating classifications and distinctions in tax statutes. More than forty years ago we addressed these comments to an equal protection challenge to tax legislation:
>
>> "The broad discretion as to classification possessed by a legislature in the field of taxation has long been recognized. * * * The passage of time has only served to underscore the wisdom of that recognition of the large area of discretion which is needed by a legislature in formulating sound tax policies. * * * Since the members of a legislature necessarily enjoy a familiarity with local conditions which this Court cannot have, the presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." Madden v. Kentucky, 309 U.S. 83, 87-88 (1940); (footnotes omitted).

Thus, Congress has broad authority to grant one class of taxpayers deductions not available to another, as well as to recognize differences between various kinds of business. See Brushaber v. Union Pac. R.R., supra at 24-25, and the provisions held constitutional therein (for example, upholding the constitutionality of the corporate income tax, and observing that "the due process clause of the 5th Amendment * * * [does not limit a tax imposed on a class of taxpayers unless it] was so wanting in basis for classification as to produce such a gross and patent inequality as to inevitably lead to the same conclusion [i.e., an arbitrary confiscation of property]."); High Plains Agric. Credit Corp. v. Commissioner, 63 T.C. 118, 127

(1974). If Congress sees fit to establish classes of persons who shall or shall not benefit from a deduction or an exclusion, there is no offense to the Constitution if all members of one class are treated alike. See Brushaber v. Union Pac. R.R., supra; High Plains Agric. Credit Corp. v. Commissioner, supra.

Clearly, section 104(a)(2) does not interfere with the exercise of a fundamental right or employ a suspect classification. Cf. Regan v. Taxation With Representation, supra. Therefore, we need not apply a higher level of scrutiny but must decide whether the requirement in section 104(a)(2) regarding personal physical injuries or physical sickness bears a rational relation to a legitimate governmental purpose. See id. at 547. Stated otherwise, the presumption of constitutionality that surrounds section 104(a)(2) may be overcome "only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes." Madden v. Kentucky, 309 U.S. 83, 88 (1940).

In amending section 104(a)(2), Congress was motivated by the following:

> Damages received on a claim not involving a physical injury or physical sickness are generally to compensate the claimant for lost profits or lost wages that would otherwise be included in taxable income. The confusion as to the tax treatment of damages received in cases not involving physical injury or physical sickness has led to substantial litigation, including two Supreme court cases within the last four years. The taxation of damages received in cases not involving a physical injury or physical sickness should

not depend on the type of claim made. [H. Rept. 104-586, at 143 (1996), 1996-3 C.B. 331, 481.]

The distinction made by section 104(a)(2) between personal physical injury or sickness and nonphysical personal injury or sickness is rationally related to the objectives articulated in that section's legislative history, as quoted above.  See also H. Conf. Rept. 104-737, at 300 (1996), 1996-3 C.B. 741, 1040. Consequently, section 104(a)(2), as amended in 1996, is constitutional.

Finally, we observe that the Court of Appeals for the Sixth Circuit has recently upheld section 104(a)(2), as amended in 1996, from constitutional attack on equal protection grounds. Young v. United States, 332 F.3d 893 (6th Cir. 2003).  In that case, the Court of Appeals concluded as follows:

> The legislature has particularly broad discretion in creating distinctions in tax statutes * * * and "is not bound to tax every member of a class or none.  It may make distinctions of degree having a rational basis, and when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which would support it." Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 509 (1937) (citations omitted).  "The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." Madden v. Kentucky, 309 U.S. 83, 88 (1940).
>
> In this case, the plaintiff is simply unable to overcome this difficult burden.  As the district court noted in dismissing his complaint, Congress sought to establish a uniform policy regarding taxation of damages awards and to reduce the amount of litigation regarding whether damage awards were taxable. * * * The distinction between physical and non-physical injury is rationally related to these articulated government

purposes and, as a result, * * * [the plaintiff's] equal protection claim, as a matter of law, must fail.

For the reasons set forth above, we hold that the $20,000 payment received by petitioner in 2000 is not excludable from his income for that year.

In sustaining respondent's deficiency determination, we have considered all of petitioner's arguments, but we find them legally unsound.  In particular, we reject petitioner's argument that section 104(a)(2), as amended in 1996, is unconstitutional based on O'Gilvie v. United States, 519 U.S. 79 (1996) (holding that under section 104(a)(2), as in effect for 1988, amounts received as punitive damages are not received "on account of personal injuries or sickness" and thus are not excludable from gross income under that section).

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to our disposition of the disputed issue,

Decision will be entered for respondent.