NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0027n.06

No. 12-5671

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 07, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DARRELL JAMES PARKS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MR. REANS; MR. DAVIS; V. BARNETT; | ) | THE EASTERN DISTRICT OF |
| JOHN DOE; MRS. GREGORY; ERIC D. | ) | KENTUCKY |
| WILSON, Warden, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. Darrell James Parks, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights complaint construed as being filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Seeking monetary, injunctive, and declaratory relief, Parks sued the former Warden of the United States Penitentiary-McCreary (USP-McCreary), Eric D. Wilson; two USP-McCreary correctional officers, Mr. Reans and Mr. Davis; a clinical nurse, V. Barnett; a USP-McCreary Health Service Administrator, Mrs. Gregory; and a Special Investigations Services officer, "John Doe." The defendants were sued only in their official capacities. Parks alleged that, while he was housed at USP-McCreary, his shoulder, arm, and wrist were injured by Reans while he was being escorted back to his cell in October 2009. Parks stated that a scuffle ensued when he arrived at his cell. Reans allegedly ordered Parks to place his hand-cuffed wrists through the food slot door so the hand-

cuffs could be removed. Parks alleged that he complied, but Reans violently yanked the hand-cuffs from his wrist as Davis was closing the cell door. Parks also alleged that he reported the incident, but that the investigative officer told him that the video footage of the incident was no longer available, resulting in an incomplete investigation of the alleged injuries. Finally, Parks alleged that Wilson, Barnett, and McCreary failed to ensure that he received proper medical treatment for his injuries. Parks alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment; his right to adequate medical treatment; and his due process rights. Parks was subsequently transferred to a different facility.

The district court screened Parks's complaint and concluded that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. The district court determined that Parks's claims for monetary relief against the defendants in their official capacities were barred by the doctrine of sovereign immunity, and that his requests for injunctive and declaratory relief were moot because he had been transferred to a different facility. Parks filed a motion to alter or amend the judgment and a notice of appeal. The district court denied Parks's motion to alter the judgment.

On appeal, Parks argues that the district court erred by dismissing his complaint based on sovereign immunity without affording him an opportunity to amend his complaint to sue the defendants in their individual capacities; by dismissing his complaint on the basis of sovereign immunity because it is an affirmative defense; and by dismissing his requests for injunctive and declaratory relief because such relief is not barred by sovereign immunity.

The district court's decision is reviewed de novo. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Grinter v. Knight*, 532 F.3d 567, 571–72 (6th Cir. 2008). Under 28 U.S.C. §§ 1915(e) and 1915A, district courts are required to "to screen and dismiss complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." *Grinter*, 532 F.3d at 572.

The district court properly concluded that Parks's *Bivens* claims against the named federal defendants, in their official capacities, are barred by sovereign immunity. The United States "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also Munaco v. United States*, 522 F.3d 651, 652–53 (6th Cir. 2008). The United States has not waived immunity to *Bivens*-type actions. *FDIC v. Meyer*, 510 U.S. 471, 483–86 (1994); *Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989). Sovereign immunity extends to United States officials who are sued in their official capacities. *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007). Contrary to Parks's argument, the district court did not err by sua sponte dismissing his complaint based on sovereign immunity because the issue was clear from the face of the complaint that Parks was suing the defendants only in their official capacities. The Prisoner Litigation Reform Act requires sua sponte dismissal where a prisoner seeks monetary relief from an immune official. *See Grinter*, 532 F.3d at 572 (quoting 28 U.S.C. § 1915A(b)).

The district court was also not required to afford Parks an opportunity to amend his complaint before sua sponte dismissing the complaint. When a complaint is subjected to screening, "the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal" under section 1915(e) and section 1915A. *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999).

Finally, the district court properly dismissed Parks's request for injunctive and declaratory relief. Parks complains of incidents that occurred at USP-McCreary. However, he was subsequently transferred to a different facility. A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). If Parks is being denied necessary medical care at his current facility, he may refile his claim.

The district court's judgment is affirmed.