CLD-137 and 138                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2238
_____

DARRELL JAMES PARKS,
                        Appellant

v.

CHARLES E. SAMUELS, Jr., Director of Federal Bureau of Prisons; HARRELL
WATTS, General Counsel of Federal Bureau of Prisons; REGIONAL DIRECTOR J.L.
NORWOOD, United States Federal Bureau of Prisons, Northeast Regional Office; J.E.
THOMAS, Supervisor of Education, United States Penitentiary Lewisburg Special
Management Units
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-00742)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

_____

No. 13-3247
_____

DARRELL JAMES PARKS,
                        Appellant

v.

ANDREW EDINGER, Medical Doctor; KEVIN PIGOS, Medical Director Doctor;
FRANCIS FASCIANA, Mid Level Practitioner; LAWRENCE KARPIN, Chief
Psychologist; DR. CANNON, Psychologist; B. TAGGART, Deputy Captain; MR.

SHERMAN, Lieutenant; JOHN DOE #1, Administrative Remedy Coordinator of #710756-F1; JOHN DOE #2, sign for warden on #690775-F1, USP LEWISBURG WARDEN; JOHN DOE #3, Northeast Regional Administrative Remedy Coordinator of #710756-F1; J. L. NORWOOD, Northeast Regional Director; HARRELL WATTS, Administrative National Inmate Appeal

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-01834)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 19, 2013
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Filed: January 6, 2014)
_____

OPINION
_____

PER CURIAM

Darrell James Parks, a federal inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), appeals from orders of the United States District Court for the Middle District of Pennsylvania denying his motions for leave to proceed in forma pauperis ("IFP") in two civil rights cases.  We will summarily vacate the District Court's orders and remand for further proceedings.

The Prison Litigation Reform Act ("PLRA") imposes filing requirements on prisoners who seek to file civil actions with IFP status.  Specifically, 28 U.S.C. § 1915(g) precludes a prisoner from bringing IFP actions or appeals if he or she has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a

2

claim upon which relief may be granted. In such cases, the prisoner is required to prepay the filing fee before bringing another action or appeal, unless he or she shows "imminent danger of serious physical injury." § 1915(g).

In July 2013, Parks filed a civil rights action asserting a host of constitutional claims against staff and officials at USP Lewisburg. In his accompanying IFP application, Parks answered "yes" to the question whether he had three or more prior cases dismissed as frivolous or for failure to state a claim, although Parks did not specifically identify any such case by caption or docket number. The District Court dismissed the action "pursuant to the provisions of § 1915(g)," concluding that Parks had not demonstrated that he was in imminent danger of serious physical injury at the time he filed the complaint. Parks v. Edinger, M.D. Pa. Civ. No. 13-cv-01834 (order entered July 11, 2013). In its order, the District Court did not identify three (or more) prior cases which counted as strikes for purposes of the § 1915(g) analysis. Instead, it relied solely on Parks' admission that he had three strikes.[1] Parks' timely appeal was docketed here at C.A. No. 13-3247.

---

[1] Even where such an admission is made, the preferred practice in § 1915(g) cases is for the District Court to make a record of the prisoner's strikes, so that, if necessary, we can evaluate those strikes on appeal. Cf. Evans v. Ill. Dep't of Corr., 150 F.3d 810, 812 (7th Cir. 1998) (instructing that "in the order denying leave to proceed in forma pauperis the district court must cite specifically the case names, case docket numbers, districts in which the actions were filed, and the dates of the orders dismissing the actions"); but see Gibson v. City Municipality of N.Y., 692 F.3d 198, 200 n.2 (2d Cir. 2012) ("[w]e do not believe . . . that federal law requires a district court to specify, in an order dismissing a prisoner's complaint pursuant to 28 U.S.C. § 1915(g), the particular orders on which the court relies."). Despite the District Court's failure to do so here, however, we may still review whether Parks has three strikes. See Byrd, 715 F.3d at 125 (noting that the

3

Prior to entering its dismissal order in the case described above, the District Court rejected a separate civil rights case filed by Parks, similarly relying on his putative strikes to deny his IFP application. Parks v. Samuels, M.D. Pa. Civ. No. 13-cv-00742 (order entered Apr. 22, 2013). There, however, Parks denied that he had three actions dismissed under circumstances described in § 1915(g), and the District Court identified Parks' strikes. Parks appealed, and the matter was docketed here as C.A. No. 13-2238.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). For the reasons discussed below, we conclude that the actions and appeals which provided the basis for the District Court's 1915(g) determination in do not qualify as strikes. We note that our decision is based, in part, on two opinions that we issued after the District Court entered its order: Ball v. Famiglio, 726 F.3d 448 (3d Cir. 2013), and Byrd v. Shannon, 715 F.3d 117 (3d Cir. 2013).

The District Court identified several purported strikes, including (1) Parks v. Reans, E.D. Ky. Civ. No. 10-cv-00278 (order entered May 21, 2012), and the subsequent appeal, (2) Parks v. Reans, No. 12-5671 (6th Cir. Jan. 7, 2013); (3) Parks v. Williams, D.D.C. Civ. No. 99-cv-02420 (order entered July 15, 2004); and (4) Parks v. Williams, E.D. Va. Civ. No. 01-cv-00287 (order entered Nov. 6, 2001). In the case filed in the Eastern District of Kentucky, judgment was entered in favor of the defendants on the ground that they were sued only in their official capacities and were immune from suit

"driving purpose of the PLRA [is to] . . . preserv[e] resources of both the courts and the defendants in prisoner litigation.").

4

under 28 U.S.C. § 1915(e)(2)(B)(iii). The District Court did not dismiss the "complaint under Rule 12(b)(6) or expressly state[] that the ground for the dismissal is frivolousness." Ball, 726 F.3d at 463 (3d Cir. 2013) ("declin[ing] to treat a district court's dismissal due to the defendant's immunity as a *per se* dismissal for frivolousness for purposes of the PLRA's three strikes rule."). On appeal, the United States Court of Appeals for the Sixth Circuit "affirmed," so that judgment does not qualify as a strike. Id. (holding that "an affirmance of a district court's dismissal does not" count as a strike).

In the action filed in the District of Columbia, the District Court concluded that Parks "state[d] a claim on which relief can be granted with respect to exposure to second-hand smoke," but granted summary judgment in favor of the defendants because Parks did not contradict evidence that the prison had a policy regarding smoking which it enforced. That case, therefore, does not count as a strike. Cf. Blakely v. Wards, -- F.3d --, 2013 WL 5718441, at *4 (4th Cir. Oct. 22, 2013) (en banc) ("hold[ing] that a summary judgment dismissal stating on its face that the dismissed action was frivolous, malicious, or failed to state a claim counts as a strike for purposes of the PLRA's three-strikes provision."). Moreover, the dismissal of Parks' case in the Eastern District of Virginia does not qualify as a strike. There, the Magistrate Judge indicated that the matter was being "evaluat[ed] pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A," and recommended that Parks' claims "be dismissed." The District Court adopted the Magistrate Judge's Report and Recommendation, stated that the "action will be dismissed," and directed the Clerk to "note the disposition of the action for purposes of the [PLRA]." Parks v. Williams, 2001 WL 34780939, at *5 (E.D. Va. Nov. 6, 2001) (not precedential). While

5

the docket entry states, "[d]ismissed as frivolous pursuant to [PLRA]," there is no indication that the District Court concluded that the statutory criteria for a strike had been met. See Byrd, 715 F.3d at 126-27 (stating that "by merely dismissing the appeal generally under § 1915(e)(2)(B), we cannot determine with certainty that [the] appeal was dismissed for reasons warranting a strike under § 1915(g).").

The District Court in one of the appeals before us also noted that the United States District Court for the Central District of California had recently denied Parks' motion for leave to proceed IFP because he had three strikes. See Parks v. Ferguson, C.D. Ca. Civ. No. 13-cv-00470 (order entered April 1, 2013). Significantly, though, that determination was later reversed on appeal by the Ninth Circuit Court of Appeals because "[a]t least one of the prior dismissals relied on by the district court, Parks v. Bledsoe, [M.D. Pa. Civ. No. 12-cv-00848 (order entered Aug. 29, 2012)], was improperly counted as a strike." Parks v. Ferguson, No. 13-55758 (9th Cir. Aug. 26, 2013). Indeed, as the Ninth Circuit correctly concluded, Parks did not accrue a strike when the Middle District of Pennsylvania dismissed his 28 U.S.C. § 2241 petition without prejudice to his right to pursue challenges to the conditions of his confinement in a properly filed civil rights action. Notably, the Middle District of Pennsylvania did not dismiss the action "explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or . . . pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons[.]" Byrd, 715 F.3d at 126.

Finally, after examining docket sheets and documents in other civil rights cases filed by Parks in District of Columbia, as well as in the Middle District of Florida and the

6

Northern District of Georgia, we are unable to conclusively determine that any qualify as strikes. Therefore, based on our evaluation, Parks did not have three strikes when he filed his complaints, and District Court erred in requiring him to demonstrate that he was under imminent danger of serious physical injury before proceeding IFP. See 28 U.S.C. § 1915(g). Accordingly, we will summarily vacate the District Court's orders and direct the District Court to evaluate Parks' motions for leave to proceed IFP in light of this opinion.