RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0306p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

CALIFORNIA PALMS ADDICTION RECOVERY CAMPUS,
INC.; SEBASTIAN RUCCI,

                   *Plaintiffs-Appellants*,

     *v.*

UNITED STATES OF AMERICA,

                   *Defendant-Appellee*.

> No. 24-4101

─────────────────

Appeal from the United States District Court for the Northern District of Ohio at Youngstown.
No. 4:21-cv-02188—John R. Adams, District Judge.

Decided and Filed:  November 6, 2025

Before:  WHITE, STRANCH, and MURPHY, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Sebastian Rucci, LAW OFFICES OF SEBASTIAN RUCCI, P.C., Huntington Beach, California, for Appellant California Palms and in propria persona.  Rema A. Ina, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

JANE B. STRANCH, Circuit Judge.  Following law enforcement's seizure of funds in the amount of $603,902.89 from California Palms Addiction Recovery Campus, Inc., the facility and its owner brought a civil action seeking recovery of the funds and, in addition, disclosure of the affidavits on which the Government relied to secure warrants to seize the funds.  While this litigation was pending, the Government moved for voluntary dismissal in a parallel forfeiture

proceeding and voluntarily returned the funds to the Plaintiffs. The district court, acting sua sponte and citing the voluntary return of the funds, dismissed this case as moot, even though the Plaintiffs contended they still had a right to disclosure of the warrant affidavits. Because we find there is still a live case or controversy over the claim seeking disclosure of the affidavits, we **VACATE IN PART** the district court's sua sponte dismissal and **REMAND** for further proceedings.

## I. BACKGROUND

At some point in 2021, California Palms, a rehabilitation center located in Ohio, and its owner, Sebastian Rucci,[1] became the subjects of a criminal investigation by the Federal Bureau of Investigation (FBI). On October 4, 2021, a magistrate judge issued ex parte warrants for the seizure of funds from California Palms and Rucci. The FBI executed those warrants the following day, seizing $603,902.89. Later that month, the Ohio Department of Mental Health and Addiction Services revoked California Palms's provider certification, and the Ohio Department of Medicaid terminated its provider agreement.

On November 17, 2021, California Palms and Rucci filed a civil action (the "Plaintiffs' Action"), with a verified complaint subtitled "(Return of Unlawfully Seized Funds and Injunctive Relief)," in the Northern District of Ohio. The complaint alleges, in relevant parts, (1) several constitutional defects in the seizure warrants, and (2) that California Palms and Rucci have "a right under the Warrant Clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued." R. 1, Compl., PageID 3–6, 8. In the same section regarding this alleged right, the complaint elaborates,

> Plaintiffs seek a redacted copy of the affidavit to determine what facts support the [magistrate judge's] finding that the three restraining orders under § 853(e) are insufficient to protect the forfeitable assets. Plaintiffs have already shown that the agent securing the warrants submitted facially defective warrants. Hence, the need for the affidavit is necessary to confirm that the Government is following what the Supreme Court and Congress mandated.

---

[1]Rucci is also the attorney representing California Palms and himself in this litigation.

*Id.* at 8.  The complaint does not contain a separate "Claims for Relief" section enumerating California Palms and Rucci's claims.  It concludes with a prayer for several forms of relief, including specific requests (1) "that the United States of America immediately return to Plaintiffs the $603,902 unlawfully seized" and (2) "[t]hat the Court order the Government to produce to the Plaintiffs a redacted copy of the affidavit used to secure the seizure warrants." *Id.* at 19–20.

On December 1, 2021, the Government moved to stay the Plaintiffs' Action, noting it intended to file a civil forfeiture action against the seized funds.  The Government then filed the "Forfeiture Proceeding" on January 11, 2022, and, on January 21, 2022, moved to dismiss the Plaintiffs' Action, citing the Forfeiture Proceeding.  The Government argued that "Rule 41(g) is an equitable remedy that is available only when there is no adequate remedy at law. . . . Once the government has initiated civil forfeiture proceedings, Plaintiffs are required to follow the statutory proceedings in forfeiture actions to establish their entitlement to return of their property."  R. 21, Mot. to Dismiss, PageID 263.  The motion did not refer to Federal Rule of Civil Procedure 12, nor did it identify any specific Rule 12(b) ground for dismissal.  On February 10, the district court issued an order (1) staying the Plaintiffs' Action, "[o]ut of an abundance of caution," pending resolution of the Forfeiture Proceeding; and (2) denying without prejudice the motion to dismiss, as well as other pending motions, "subject to refiling following resolution of the related action."  R. 24, Order, PageID 275.

On September 17, 2024, the Government moved for voluntary dismissal in the Forfeiture Proceeding, noting that "[u]pon dismissal the government intends to return the defendant seized funds to Claimant with interest." *Case No. 4:22-cv-57*; R. 25 PageID 224.  The Forfeiture Proceeding was dismissed on September 26, 2024. *Case No. 4:22-cv-57*; R. 27 PageID 230–31.  On the same day, the district court issued an order in the Plaintiffs' Action citing the dismissal of the Forfeiture Proceeding and stating, "As that dismissal will result in the return of the funds that are also at issue in this matter, Plaintiffs are ordered to show cause by October 7, 2024 why this matter should not be dismissed as moot."  R. 27, Order, PageID 279.  California Palms and Rucci opposed dismissal, contending that the case was not moot because they were still entitled to

disclosure of the warrant affidavits.**2** California Palms and Rucci also argued in support of that disclosure that they "believe the United States attorneys were duped by OhioMHAS [the Ohio Department of Mental Health and Addiction Services] and seek release of the affidavits to pursue claims against OhioMHAS." R. 30, Reply to Order, PageID 307. On October 16, 2024, the Government filed a notice indicating that the funds had been returned with interest, and that Rucci had confirmed receipt.

On December 6, the district court issued a short order dismissing the Plaintiffs' Action as moot, reasoning as follows:

> Plaintiff has received the relief sought by the complaint—the return of the seized funds with interest. Plaintiff effectively argues that the seizure warrant affidavits are necessary to determine whether additional litigation is appropriate against a third party. There is no basis to allow this litigation to move forward when there is no further relief that Plaintiff can obtain from the Government. Plaintiff's desire to perhaps hold a third party responsible for the seizure is insufficient to maintain a case in controversy to continue to invoke this Court's jurisdiction. Accordingly, the complaint is DISMISSED AS MOOT.

R. 31, Order and Judgment Entry, PageID 313–14. The Government never filed criminal charges against California Palms or Rucci.

## II.  LEGAL STANDARD

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). Part of what Article III requires is that there be a *live* case or controversy—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," a case becomes moot. *Already*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction. *See Mokdad*, 876 F.3d at 170. In addition, the Federal Rules of Civil Procedure require that if a "court determines at any time that it lacks subject-matter jurisdiction, the court

---

**2**Where the complaint referred to a singular "affidavit," California Palms and Rucci refer to "affidavits" in the plural in their briefing on the show-cause order. Because it is not clear how many affidavits were used to secure the warrants, the plural will be used here.

must dismiss the action" sua sponte. Fed. R. Civ. P. 12(h)(3). Appellate courts review dismissals for lack of subject-matter jurisdiction de novo. *See Mokdad*, 876 F.3d at 169.

## III. ANALYSIS

The parties' briefing focuses on the underlying merits—that is, whether California Palms and Rucci are entitled to the warrant affidavits. We do not reach the merits, however, because the district court erred in dismissing the case as moot. "An issue becomes moot when it becomes impossible for the court to grant 'any effectual relief whatsoever' on that issue to a prevailing party." *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). Put differently, "[m]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). For instance, "a prisoner's request for injunctive and declaratory relief [relating to prison conditions] becomes moot when he is transferred to another facility." *Price v. Stephenson*, 2019 WL 2603540, at *2 (6th Cir. Apr. 26, 2019) (citing *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). In *Mokdad*, for another example, a complaint seeking the removal of the plaintiff from the "No Fly List" became moot when the Terrorist Screening Center informed the plaintiff he was not on the list. *See* 876 F.3d at 168–71; *but see FBI v. Fikre*, 601 U.S. 234, 242–45 (2024).

Here, the Plaintiffs' Action is clearly moot *as to the funds*. California Palms and Rucci filed suit seeking return of the funds, and, while the Plaintiffs' Action was pending, the Government voluntarily returned the funds with interest. The complaint does not seek only the return of the funds, however; it seeks the return of the funds and—separately—disclosure of the affidavits. The complaint alleges California Palms and Rucci have a right to disclosure of the warrant affidavits, and it ends with a prayer for relief that includes a request for an injunction ordering the Government "to produce to the Plaintiffs a redacted copy of the affidavit used to secure the seizure warrants." Nothing in the record indicates that the Government has disclosed the contents of the warrant affidavits to California Palms and Rucci in any manner. Nor is there any indication that they have been apprised of the contents of the warrant affidavits by some other means that would render California Palms and Rucci unable to obtain "any effectual relief

whatever" from the Government. *Church of Scientology*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). These facts do not support a determination that the request for disclosure of the warrant affidavits is moot.

The Government offers an alternate explanation for the district court's dismissal: that there is no available cause of action that would permit California Palms and Rucci to seek disclosure of the warrant affidavits. It construes this case as brought under Federal Rule of Criminal Procedure 41(g) and, in turn, argues that Rule 41(g) does not allow a party to seek disclosure of warrant affidavits as a remedy when there has been no criminal indictment. Rule 41(g) allows "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return." When a party files a civil complaint citing Rule 41(g) in certain circumstances (typically after a criminal proceeding has concluded), courts construe the proceeding as a civil action in equity. *See Allen v. Grist Mill Cap., LLC*, 88 F.4th 383, 394 (2d Cir. 2023).

In any event, the problem with the Government's alternate explanation is that the absence of an applicable cause of action cannot be the basis for a sua sponte dismissal for lack of subject matter jurisdiction. Rule 12(h)(3) of the Federal Rules of Civil Procedure mandates sua sponte dismissal "[i]f the court determines at any time that it lacks subject-matter jurisdiction." But as the Supreme Court explained long ago in *Bell v. Hood*, the lack of a cause of action is not jurisdictional:

> [I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law . . . [that] must be decided after and not before the court has assumed jurisdiction over the controversy.

327 U.S. 678, 682 (1946). Or as the Court explained decades later, "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 89 (1998). This distinction is also evident in the Supreme Court's jurisprudence on implied private rights of action. For example, in *Stoneridge Investment Partners, LLC v. Scientific-Atlanta*, the Court upheld a dismissal for failure to state a claim when

it found that the plaintiffs could not avail themselves of an implied right of action in Section 10(b) of the Social Security Act. *See* 552 U.S. 148, 152, 155, 165–67 (2008). Crucial to this example for present purposes is that a defendant had to file a motion to dismiss for failure to state a claim *before* the district court could dismiss the case for lack of a cause of action. *See id.* at 155. Simply put, Rule 12 does not allow for sua sponte dismissal for failure to state a claim. *Compare* Fed. R. Civ. P. Rule 12(h)(3), *with* Rule 12(b).

In *Stewart v. Martin*, we vacated a district court's dismissal when a similar issue arose. *See* 143 F.4th 675, 680—83, 685 (6th Cir. 2025). Following a jury trial regarding distributions from a trust, a defendant moved for relief from the jury's verdict on the ground that the plaintiffs lacked a viable cause of action under applicable Ohio law. *See id.* at 680. The district court granted the motion and dismissed the case, reasoning that the plaintiffs lacked a cause of action against the defendant and, as a result, the case lacked Article III standing. *See id.* at 680–81. As we explained before vacating the dismissal, "[e]ven if the plaintiffs lacked a cause of action to challenge [the defendant]'s distributions, the district court had subject-matter jurisdiction to decide this case." *Id.* at 682.

The Government argues that California Palms and Rucci lack a cause of action to seek disclosure of the warrant affidavits, but we generally do not address the merits of such an issue before the district court has ruled on it. *See id.* at 681–85. Should the Government choose to raise this argument in the district court, it must do so on an appropriate dispositive motion under Rule 12 or Rule 56. Yet regardless of what the district court decides and in what procedural posture, it must rule on California Palms and Rucci's request for disclosure of the warrant affidavits, because that request is not moot. A finding of mootness must be based on a factual occurrence in the world, not the legal unavailability of a remedy. *See Carras*, 807 F.2d at 1289.

## IV. CONCLUSION

For the foregoing reasons, the district court's order is hereby **VACATED** to the extent it dismisses the claim for disclosure of the warrant affidavits as moot. This matter is **REMANDED** to the district court for further proceedings in accordance with this opinion.